# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **Crissy Del Percio**<br><br>　　　　　Plaintiff,<br>v.<br><br>**Credit Collection Services**<br><br>　　　　　Defendant. | **CASE NO:** |

## COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff, Crissy Del Percio, by and through her attorney, Addleman Law Firm, and for her complaint against the Defendant, Credit Collection Services, Plaintiff states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. §1331, 15 U.S.C. §1692k(d), 47 U.S.C. §227.

3. This action arises out of violations of the FDCPA by Defendant and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

1

### III. PARTIES

5. Plaintiff Crissy Del Percio is a natural person who resides in Kansas City, County of Jackson, State of Missouri, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Credit Collection Services, is a collection agency and a Massachusetts corporation operating from an address of Two Wells Avenue, Newton, Massachusetts, 02459, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### IV. ALLEGATIONS

7. Plaintiff incorporates the allegations in paragraphs 1-6 as if fully set forth herein.

8. Defendant sent a letter to Plaintiff on or about January 27, 2015 (the "January Letter").

9. Defendant sent a second letter to Plaintiff on or about March 3, 2015 ("March Letter").

10. Defendant's letters were an attempt to collect a debt.

11. The alleged debt was originally owed to "Encompass Indemnity."

12. Defendant's January Letter was their initial communication with Plaintiff.

13. The FDCPA requires debt collectors to provide notice to the consumer within five days of the initial communication that contains:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification of judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. § 1692g(a) (hereinafter "g-notice").

14. The January Letter failed to state the required g-notice.
15. The FDCPA prohibits debt collectors from attempting to collect a debt not authorized by the agreement creating the debt or permitted by law, § 1692f(1).
16. None of Defendant's letters adequately identify the alleged debt however upon Plaintiff's information and belief, Encompass Indemnity appears to be an insurance company for home insurance.
17. Plaintiff did not purchase any home for which home insurance would be necessary from Encompass Indemnity.
18. Since Plaintiff did not purchase a home, no home insurance contract could have been entered.

3

19. Further, Plaintiff could not have incurred any home insurance debts for a property she did not purchase.

20. Therefore, Defendant attempted to collect a debt that was not authorized by any agreement.

21. By attempting to collect a debt that was never incurred, and otherwise not authorized under an agreement, Defendant violated the FDCPA § 1692f(1).

22. Finally, Plaintiff's attorney sent a letter to Defendant on or about February 13, 2015 indicating that Plaintiff was represented by an attorney and all further direct communication with directly should cease.

23. Defendant's March Letter was sent several weeks after Plaintiff's attorney indicated she was represented.

24. Defendant knowingly contacted a person represented by counsel by sending the March Letter after receiving Plaintiff's attorney's letter dated February 13, 2015.

25. The FDCPA prohibits debt collectors from communicating with a consumer it knows to be represented by an attorney, § 1692c(a)(2).

26. By communicating with Plaintiff after Defendant knew she was represented by an attorney, Defendant violated FDCPA § 1692c(a)(2).

## IV. JURY DEMAND

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Crissy Del Percio, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from Defendant;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant;

f. Any other relief deemed appropriate by this Honorable court.

Respectfully submitted,

**Addleman Law Firm, LLC**

By: <u>s/Rachel Wickstrum</u>
Thomas A. Addleman #51864
Rachel Wickstrum #66325
Addleman Law Firm, LLC
255 NW Blue Parkway, Suite 200
Lee's Summit, MO 64063
Tele: (816) 994-6200
Fax: (816) 396-6240
RachelW@addlemanlawfirm.com

**Attorneys for Plaintiff**